O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL ANTHONY SALINAS, | ) | CASE NO. CV 09-05779 ODW (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| DOMINGO URIBE JR., Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on August 6, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On June 7, 1999, a Los Angeles County Superior Court jury convicted Petitioner of first degree murder, second degree murder and a gun use enhancement. Pet. ¶¶ 1-2. He was sentenced to state prison for life plus 10 years. Pet. ¶ 2(f).

(b) Petitioner appealed, but the California Court of Appeal affirmed, and the California Supreme Court denied further direct review on September 20, 2000. Pet. ¶¶ 3, 4. Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after December 20, 2000, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1.

(c) Seven and a half years later, Petitioner began a series of state habeas petitions in the trial, state appellate and state supreme court. The California Supreme Court denied relief in the final such petition on May 13, 2009. Pet. ¶ 6.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's last day to file his petition within the AEDPA period was no later than Monday, December 24, 2001, a year after his conviction became final. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's commencement of state habeas proceedings several years thereafter cannot rejuvenate his stale claims. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161

L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

Petitioner appears to have anticipated that this action would be challenged as untimely, for he seeks to pass through the "*Schlup* gateway." *See Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). *Schlup* may permit an otherwise time-barred petition to be considered on its merits. But passage through *Schlup*'s narrow gateway requires a petitioner to "show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"

Petitioner fails to carry this heavy burden. His only new evidence is two sparse declarations, one from himself and one from the mother of his children, attesting that he was at home with her when the underlying killings occurred. But in 2000, the California Court of Appeal rejected his claim that insufficient evidence supported his conviction. *See* Op. in *People v. Salinas*, Cal. Ct. App. No. B14273 (appended to Pet.). It is *not* "more likely than not" that no reasonable juror, if he or she considered the two new declarations along with the evidence summarized in the state appellate court's opinion, *see id.* at 1-7, would have found Petitioner guilty beyond a reasonable doubt.

The new evidence is particularly weak for two reasons. The first is the obvious possibility of bias, in that one declaration is from Petitioner himself and the other from the mother of his now-adolescent children. Second, the new evidence first appeared in 2008, some 12 years after the underlying shootings, nine years after his convictions and eight years after the California Court of Appeal affirmed those convictions. (Petitioner implies that he did not put on his alibi evidence at trial because his attorney had assured him that the prosecution's case was so hopelessly weak that Petitioner's own evidence would be unnecessary. Even if that is true, however, Petitioner has known for at least nine years that the attorney's alleged assurances were wrong. Petitioner supplies no sound basis

1  for his extensive delay in presenting the new evidence.)  *Schlup*'s gateway requires a
2  substantially stronger evidentiary push to open.
3        This Court may raise *sua sponte* the question of the statute of limitations bar,
4  so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260
5  F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause why this action should
6  not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file
7  his response to the Court's Order to Show Cause not later than 21 days from the filing date
8  of this Order.
9        If Petitioner does not file a response within the time allowed, the action may
10 be dismissed for failure to timely file, and for failure to prosecute.
11        IT IS SO ORDERED.

13        DATED:   September 1, 2009

15                                    _____
16                                    RALPH ZAREFSKY
                                      UNITED STATES MAGISTRATE JUDGE